**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**GALVESTON DIVISION**

United States Courts
Southern District of Texas
**FILED**

MAY - 1 2026

Nathan Ochsner, Clerk of Court

RICHARD N. BRADLEY, *Plaintiff,*                    Civil Action No. _____

v.

NATIONAL GUARD BUREAU, *Defendant.*

**COMPLAINT FOR INJUNCTIVE RELIEF**

**UNDER THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552**

**INTRODUCTION**

1.  Plaintiff Richard N. Bradley brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel Defendant National Guard Bureau ("NGB") to release agency records unlawfully withheld from Plaintiff for nearly four years. Plaintiff filed this suit pro se.

2.  On or about March 12, 2022, Plaintiff submitted a FOIA request to the U.S. Office of Special Counsel ("OSC") seeking copies of written statements and other materials the Texas National Guard provided to OSC regarding Plaintiff's removal from federal employment. OSC identified twenty-seven (27) pages of responsive records originating from the Texas National Guard and, on May 19, 2022, referred those pages to the National Guard Bureau's FOIA office for direct response to Plaintiff.

3.  Despite the passage of nearly four years, NGB has never issued a determination on the referred request. NGB's failure to act within the statutory twenty-business-day deadline constitutes a constructive denial of Plaintiff's request, and Plaintiff has exhausted all

available administrative remedies. Plaintiff now seeks an order compelling immediate production of all twenty-seven pages, together with such other relief as the Court deems just.

## I. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), which grants district courts jurisdiction to enjoin federal agencies from withholding agency records and to order the production of any improperly withheld records, and pursuant to 28 U.S.C. § 1331 (federal question).

5. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B), which provides that a FOIA action may be filed in the district in which the complainant resides. Plaintiff resides in Pearland, Brazoria County, Texas, which is within the Galveston Division of the Southern District of Texas.

6. Venue is also proper under 28 U.S.C. § 1391(e)(1), which permits suit against a federal agency in any judicial district in which the plaintiff resides.

7. This Court has authority to award litigation costs, including reasonable attorney fees, under 5 U.S.C. § 552(a)(4)(E)(i), to the extent applicable in a pro se action.

## II. PARTIES

8. Plaintiff Richard N. Bradley is a natural person and a citizen of the United States. He resides in Pearland, Texas 77584, and brings this action pro se.

9. Defendant National Guard Bureau is a joint activity of the Department of Defense, headquartered at 111 South George Mason Drive, Arlington, Virginia 22204. NGB is an

"agency" within the meaning of 5 U.S.C. § 552(f)(1) and is subject to FOIA's disclosure requirements.

10.   At all times relevant to this Complaint, NGB has been in possession, custody, or control of the twenty-seven pages of records at issue.

## III. FACTUAL BACKGROUND

### A. The FOIA Request and Referral

11.   On or about March 12, 2022, Plaintiff submitted a FOIA request to the U.S. Office of Special Counsel seeking copies of written statements and other materials the agency provided to OSC regarding Plaintiff's removal.

12.   By letter dated May 24, 2022, OSC informed Plaintiff that it had identified twenty-seven (27) pages of responsive records that originated from the Texas Air National Guard. Because those records were created by a component of the Department of Defense, OSC referred them to the National Guard Bureau FOIA office for direct response to Plaintiff. A true and correct copy of the OSC referral letter is attached as **Exhibit A.**

13.   Under 5 U.S.C. § 552(a)(6)(A)(i), NGB was required to make a determination on the referred request within twenty (20) business days of receipt—no later than June 17, 2022, accounting for the Memorial Day federal holiday.

14.   NGB did not make a determination by June 17, 2022, and has not made a determination at any point in the nearly four years since.

3

## B. Administrative Appeal

15.   Having received no response from NGB, Plaintiff submitted an administrative appeal to the Secretary of the Air Force, as the appellate authority for NGB FOIA matters, challenging NGB's failure to act. A true and correct copy of the appeal correspondence is attached as **Exhibit B.**

16.   The appellate authority did not reverse NGB's inaction or order production of the requested records.

## C. OGIS Mediation

17.   Plaintiff also sought assistance from the Office of Government Information Services ("OGIS"), the federal FOIA ombudsman, which attempted to mediate the dispute between Plaintiff and NGB.

18.   During the OGIS mediation process, the Air Force FOIA office refused to provide an estimated date of completion for the processing of Plaintiff's request. OGIS was unable to secure a commitment from NGB or the Air Force to produce the records or to provide any timeline for production. A true and correct copy of the close-out correspondence is attached as **Exhibit C.**

## D. Congressional Inquiry

19.   Plaintiff also pursued relief through a congressional inquiry. The congressional office contacted NGB regarding the outstanding FOIA request. Despite this inquiry, NGB continued to provide no substantive response and did not produce the requested records. Documentation reflecting the congressional inquiry and the agency's continued non-response is attached as **Exhibit D.**

4

**E. OSC FOIA Closure Letter Confirming Statutory Prerequisites for Arbitrary or Capricious Withholding Findings**

20. On March 1, 2023, the U.S. Office of Special Counsel ("OSC") issued a written determination closing Plaintiff's FOIA-related complaint (OSC File No. MA-23-000903). In that letter, OSC confirmed that it is authorized under 5 U.S.C. § 1216(a)(3) to investigate arbitrary or capricious withholding of information under FOIA, but may do so **only after** three statutory prerequisites are met: (1) a federal district court orders the production of improperly withheld records; (2) the court assesses attorney fees or litigation costs against the United States; and (3) the court issues a written finding that the circumstances surrounding the withholding raise questions whether the responsible officials acted arbitrarily or capriciously. A true and correct copy of the OSC FOIA-closure letter is attached as **Exhibit E**.

21. OSC further stated that because NGB has never issued a final determination on Plaintiff's FOIA request and Plaintiff has not yet filed a federal FOIA action, OSC presently lacks jurisdiction to investigate the withholding. OSC expressly noted that Plaintiff's next step is to seek judicial review in federal district court.

**F. Continued Non-Response**

22. As of the date of this Complaint, NGB has not produced any of the twenty-seven pages of responsive records, has not asserted any FOIA exemption as a basis for withholding, has not provided a Vaughn index or any other justification for non-disclosure, and has not communicated any determination whatsoever to Plaintiff.

23. Plaintiff has exhausted all reasonably available administrative remedies, including the initial request, administrative appeal, OGIS mediation, and congressional inquiry.

5

24. NGB's prolonged and total failure to respond to a straightforward request for twenty-seven identified pages constitutes a pattern of agency indifference to its obligations under FOIA.

## IV. CONSTRUCTIVE DENIAL

25. Under 5 U.S.C. § 552(a)(6)(C)(i), a requester is deemed to have exhausted administrative remedies when an agency fails to comply with the applicable time limits set forth in 5 U.S.C. § 552(a)(6)(A). NGB's failure to issue a determination within twenty business days of the May 19, 2022 referral constitutes a constructive denial of Plaintiff's request.

26. Because NGB has constructively denied Plaintiff's FOIA request, Plaintiff is entitled to seek judicial review in this Court. *See Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013) (agency's failure to respond within statutory deadlines constitutes constructive exhaustion).

27. NGB has offered no "exceptional circumstances" within the meaning of 5 U.S.C. § 552(a)(6)(C)(i) to justify its nearly four-year delay. The request involves a discrete, pre-identified set of twenty-seven pages that were already located and reviewed by OSC prior to referral. No additional search, collection, or consultation was necessary for NGB to process the request.

28. OSC's March 1, 2023 FOIA-closure letter confirms that NGB's failure to issue any determination constitutes the absence of "final agency action," and that judicial review is the required next step before OSC may investigate whether the withholding was arbitrary or capricious. This further supports Plaintiff's constructive-denial claim and the need for judicial intervention.

6

## V. CLAIM FOR RELIEF — COUNT I: VIOLATION OF FOIA, 5 U.S.C. § 552

29.  Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 28 above.

30.  FOIA requires federal agencies to make requested records "promptly available" to any person who makes a proper request. 5 U.S.C. § 552(a)(3)(A).

31.  NGB is an agency subject to FOIA. 5 U.S.C. § 552(f)(1).

32.  Plaintiff made a proper FOIA request, which was referred to NGB with twenty-seven specifically identified responsive pages.

33.  NGB has failed to make any determination on the request within the time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(i), or at any time thereafter.

34.  NGB has therefore improperly withheld agency records within the meaning of 5 U.S.C. § 552(a)(4)(B), and Plaintiff is entitled to injunctive relief compelling production.

## VI. PRAYER FOR RELIEF

35.  WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant National Guard Bureau and grant the following relief:

   a.  Declare that Defendant has violated FOIA, 5 U.S.C. § 552, by failing to make a timely determination on Plaintiff's FOIA request and by constructively denying access to the requested records;

   b.  A written finding under 5 U.S.C. § 552(a)(4)(F) that the circumstances of Defendant's prolonged withholding raise questions whether the responsible officials acted arbitrarily or capriciously, thereby triggering referral to the U.S. Office of Special Counsel pursuant to the statutory framework described in OSC's March 1, 2023 FOIA-closure letter;

7

c. Order Defendant to conduct a search, if one has not already been completed, for all records responsive to Plaintiff's FOIA request and to produce all twenty-seven (27) pages of responsive records to Plaintiff forthwith, without redaction, within twenty (20) calendar days of the Court's order;

d. In the alternative, order Defendant to produce responsive records on a rolling basis, with all records to be produced no later than sixty (60) calendar days from the date of the Court's order;

e. Order Defendant to produce a Vaughn index, *see Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), identifying each record or portion thereof withheld, the specific FOIA exemption(s) claimed, and a detailed justification for each withholding, in the event Defendant asserts that any portion of the responsive records is exempt from disclosure;

f. Award Plaintiff his reasonable litigation costs, including any costs of reproduction, under 5 U.S.C. § 552(a)(4)(E);

g. Retain jurisdiction over this action until Defendant demonstrates full compliance with FOIA and this Court's orders; and

h. Grant such other and further relief as this Court deems just and proper.

**EXHIBIT LIST**

**Exhibit A** — Letter from the U.S. Office of Special Counsel to Plaintiff, dated May 24, 2022, referring twenty-seven (27) pages of responsive records to the National Guard Bureau FOIA office (the "OSC Referral Letter").

**Exhibit B** — Plaintiff's administrative appeal to the Secretary of the Air Force challenging the National Guard Bureau's failure to respond to the referred FOIA request (the "Administrative Appeal").

**Exhibit C** — The OGIS correspondence confirming that the Air Force declined to provide even an estimated completion date for Plaintiff's FOIA request, leading OGIS to close its mediation efforts without progress.

**Exhibit D** — Congressional inquiry correspondence and agency responses demonstrating NGB's continued failure to process or produce the requested records (the "Congressional Inquiry").

**Exhibit E** — OSC FOIA-closure letter dated March 1, 2023 (OSC File No. MA-23-000903), confirming statutory prerequisites for OSC investigation of arbitrary or capricious withholding under 5 U.S.C. § 552(a)(4)(F).

Respectfully submitted,

Date: April 29, 2026

Richard N. Bradley, Pro Se

3523 Pickering Lane

Pearland, Texas 77584

Telephone: (713) 208-7168

Email: rbradley42@comcast.net

9

## VERIFICATION

I, Richard Bradley, declare under penalty of perjury under the laws of the United States that the foregoing allegations are true and correct to the best of my knowledge, information, and belief.

Date: _April 29 2026_

_[signature]_

Richard N. Bradley

## CERTIFICATE OF SERVICE

I hereby certify that on _____, I served a copy of the foregoing Complaint and Summons by certified mail, return receipt requested, upon:

National Guard Bureau

FOIA/PA Office

111 South George Mason Drive

Arlington, Virginia 22204

United States Attorney for the Southern District of Texas

1000 Louisiana Street, Suite 2300

Houston, Texas 77002

Attorney General of the United States

U.S. Department of Justice

950 Pennsylvania Avenue, N.W.

Washington, D.C. 20530

Richard N. Bradley, Pro Se

**EXHIBIT A**
**OSC Referral Letter (May 24, 2022)**



**U.S. OFFICE OF SPECIAL COUNSEL**
**1730 M Street, N.W., Suite 218**
**Washington, DC 20036-4505**
**(202) 804-7000**
May 24, 2022

Mr. Richard Bradley
3523 Pickering Lane
Pearland, TX 77584
Via Email: rbradley42@comcast.net

Re: <u>Freedom of Information Act Request (#FOIA-2022-075)</u>

Dear Mr. Bradley:

Please be advised that this is a final response to your request dated March 12, 2022, in which you asked the U.S. Office of Special Counsel (OSC) to provide you with copies of all evidence submitted by the agency to the OSC in response to OSC case number MA-22-0567. Your request has been processed under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a.

OSC identified forty-six (46) responsive pages. Of the 46 pages, we referred twenty-seven (27) pages to the Air Force Air National Guard for direct response to you and can be reached at SAF.AA.HAF.FOIA.workflow@us.af.mil. We are releasing seventeen (17) pages to you in full and two (2) pages in part FOIA Exemptions (b)(6) and (b)(7)(C).

- FOIA Exemption 6 protects information if disclosure would constitute a clearly unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552(b)(6).
- FOIA Exemption 7(C) protects law enforcement information if disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552(b)(7)(C).

You have the right to appeal this determination under the FOIA. An appeal must be made in writing and sent to OSC's General Counsel at the address shown at the top of this letter or by email to FOIAappeal@osc.gov. The appeal must be received by the Office of General Counsel within ninety (90) days of the date of this letter.

If you have any questions or you require dispute resolution services, please feel free to contact Mahala Dar, OSC's Chief FOIA Officer and acting FOIA Public Liaison, at mdar@osc.gov or (202) 804-7060. Please reference the above tracking number when you call or write. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.[1]

Thank you,
/s/
Mahala Dar, Esq.
Clerk

---

[1] Office of Governmental Information Services (OGIS), National Archives and Records Administration 8601 Adelphi Road, Room 2510, College Park, MD 20740-6001; ogis@nara.gov (Email) 202-741-5770 (Office) 1-877-684-6448 (Toll Free) 202-741-5769 (Fax)

Exhibit A

**EXHIBIT B**
**Administrative Appeal (June 12, 2023)**

 Outlook

---

**FOIA Request 2022-04632-F Appeals Request**

---

**From** NG NCR NGB ARNG Mailbox NGB FOIA <ng.ncr.ngb-arng.mbx.ngb-foia@army.mil>

**Date** Tue 6/27/2023 16:13

**To**    rbradley42@comcast.net <rbradley42@comcast.net>

**Cc**    ngb.foia@mail.mil <ngb.foia@mail.mil>

📎 1 attachment (1 MB)
ATT44145;


Dear Requester,

We are in receipt of your Appeals request for FOIA Case # 2022-04632-F on June 12, 2023.

However, it looks like you've already appealed the same request back on August 21, 2022. That FOIA Appeals case # is 2022-00280-A.

Because the attached request is dated June 12, 2023, we will need to review for an update or combination of the two appeals. Your appeal dated June 12, 2023 does not have a case number. Once we confirm the proper channel we need to take, we'll notify you asap.

Also, FOIA request 2022-04632-F is currently under review.

Thank you.

//SIGNED//

v/r,

MSgt Michael Paredes
Knowledge Manager
Freedom of Information Act Specialist
National Guard Bureau,
Director of Management & Administration,
Office of Information and Privacy & Civil Liberties
(NGB-DM&A-OIP)
Comm: 703-607-2869

---

**From:** rbradley42@comcast.net <rbradley42@comcast.net>
**Sent:** Monday, June 12, 2023 7:13 PM
**To:** NG NCR NGB ARNG Mailbox NGB FOIA <ng.ncr.ngb-arng.mbx.ngb-foia@army.mil>

Exhibit B, Page 1

**Cc:** Michael Kleinman <michael@pinesfederal.com>; NG NCR NGB ARNG Mailbox NGB FOIA <ng.ncr.ngb-arng.mbx.ngb-foia@army.mil>
**Subject:** [Non-DoD Source] RE: 2022-04632-F Acknowledgement

MESSAGE FOR:  NATIONAL GUARD BUREAU, OFFICE OF INFORMATION AND PRIVACY

Greetings.

In accordance with the letter that Ms. Angela L. Wiggins, Chief, Office of Information and Privacy and Freedom of Information Act/Privacy Officer, sent to me on April 7, 2023, I am hereby notifying you that I am not satisfied with the response from your office.  Through the attached letter, I am exercising my appeal to the Secretary of the Air Force. I am sending this through your office as directed.  Please forward appropriately.

My appeal is timely filed as I am electronically filing it within 90 days of the response from your office. Attachments to my letter include my original request and your response as well as a discussion of the reasons supporting my appeal.

Please do not hesitate to contact me with any questions.

RICHARD N. BRADLEY, MD
(713) 208-7168
rbradley42@comcast.net

---

**From:** rbradley42@comcast.net <rbradley42@comcast.net>
**Sent:** Monday, May 29, 2023 8:30 PM
**To:** 'NG NCR NGB ARNG Mailbox NGB FOIA' <ng.ncr.ngb-arng.mbx.ngb-foia@army.mil>; 'ngb.foia@army.mil' <ngb.foia@army.mil>
**Cc:** Michael Kleinman <michael@pinesfederal.com>
**Subject:** RE: 2022-04632-F Acknowledgement

Howdy.

Please send me an update on this FOIA request which you received over a year ago.

Please note that I am not requesting that you conduct any research.  The U.S. Office of Special Counsel sent you a 27 pages of documents.  All I am asking for is that you release these documents to me.

Please advise how much longer I may need to wait for the response to my request.

Thank you.

RICHARD N. BRADLEY, MD
(713) 208-7168
rbradley42@comcast.net

---

**From:** NG NCR NGB ARNG Mailbox NGB FOIA <ng.ncr.ngb-arng.mbx.ngb-foia@army.mil>
**Sent:** Saturday, April 8, 2023 2:41 AM
**To:** rbradley42@comcast.net
**Subject:** 2022-04632-F Acknowledgement

Dear Requester,

Exhibit B, Page 2

Your attached FOIA request has been acknowledged.

Please see attached letter for further details.

Thank you.

//SIGNED//

v/r,

MSgt Michael Paredes
Knowledge Manager
Freedom of Information Act Specialist
National Guard Bureau,
Director of Management & Administration,
Office of Information and Privacy & Civil Liberties
(NGB-DM&A-OIP)
Comm: 703-607-2869

June 12, 2023

Richard N. Bradley, MD
3523 Pickering Lane
Pearland TX 77584-7057

The Honorable Frank Kendall
Secretary of the Air Force
Washington DC 12345-6789

Dear Mr. Secretary

I am writing to you to appeal against the lack of response to my Freedom of Information Act from the Office of Information and Privacy at the National Guard Bureau and to notify you of a violation of federal law. This appeal is pursuant to the appeal instruction that the Chief of the Office of Information and Privacy sent to me by email on April 7, 2023.

Last year I filed a Freedom of Information Act request in accordance with 5 USC § 552 with the U.S. Office of Special Counsel. That agency identified forty-six responsive pages. Of those pages, they forwarded twenty-seven pages to the Air National Guard for adjudication and response to me. The National Guard Bureau received that request on May 19, 2022, and assigned it FOIA case number 2022-04632-F.

**Discussion of the reasons supporting my appeal.** 5 USC § 552 (a)(6)(A) states, "Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall- (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor...." Thus, the response from the Department of the Air Force was due to me not later than June 17, 2022. Consequently, the Department of the Air Force appears to have been in violation of federal law since that date.

In the year since I filed my FOIA request, I have made multiple follow-up requests, both by email and by telephone call to the FOIA office but have still not received a substantive response, including to my last request for a status update which I sent two weeks ago.

I request your assistance in getting the Department of the Air Force to respond to this FOIA request that has been pending for over a year. No research is required, as my entire request is contained within the twenty-seven pages forwarded by the Office of Special Counsel. I do hope that we can resolve my request without the need to resort to litigation or a request for assistance from my congressman.

Exhibit B, Page 4

Thank you so much for your assistance with this important request. If you or your staff have any questions, please do not hesitate to contact me by email at rbradley42@comcast.net or by mobile phone at (713) 208-7168.

Sincerely

RICHARD N. BRADLEY, MD

3 attachments:
1. Email to OSC, March 12, 2022
2. US OSC memo, May 24, 2022 (w/o attachments)
3. NGB/JA-OIP memo, April 7, 2023

cc:
Pines Federal Employment Attorneys (Mr. Kleinman)

Atch 1

| From: | rbradley42@comcast.net |
|---|---|
| To: | FOIARequest@osc.gov |
| Cc: | michael@pinesfederal.com; "Cvijanovic, Marko" |
| Subject: | FOIA Request |
| Date: | Saturday, March 12, 2022 8:42:38 AM |

Greetings. I am sending this email to make the following FOIA request regarding my case, OSC Case No. MA-22-0567.

On January 31, 2022, Attorney Marko Cvijanovic sent me an email that stated, "The evidence obtained, as part of my investigation, demonstrates that on December 6, 2021, the Agency reached its decision to terminate you beginning of January 2022. On December 8, 2021, the Agency decided to issue the notice of termination to you on January 4, 2022. This demonstrates that the Agency decided to terminate you from your position prior to you making these disclosures on December 17, 2021, and weighs in favor of the Agency being able to show that it would have made this decision regardless of your disclosures. Accordingly, I made a *preliminary determination* to close out your complaint."

I hereby request copies of all evidence submitted by the agency to the OSC in response to this investigation.

You may respond to me at this email address, rbradley42@comcast.net, or my mailing or shipping to me at 3523 PICKERING LN PEARLAND TX 77584-7057.

Thank you very much.

RICHARD N. BRADLEY, MD, FACEP, FAEMS
(713) 208-7168

Exhibit B, Page 6

Atch 2



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, DC 20036-4505
(202) 804-7000
May 24, 2022

Mr. Richard Bradley
3523 Pickering Lane
Pearland, TX 77584
Via Email: rbradley42@comcast.net

Re:  Freedom of Information Act Request (#FOIA-2022-075)

Dear Mr. Bradley:

Please be advised that this is a final response to your request dated March 12, 2022, in which you asked the U.S. Office of Special Counsel (OSC) to provide you with copies of all evidence submitted by the agency to the OSC in response to OSC case number MA-22-0567.  Your request has been processed under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a.

OSC identified forty-six (46) responsive pages.  Of the 46 pages, we referred twenty-seven (27) pages to the Air Force Air National Guard for direct response to you and can be reached at SAF.AA.HAF.FOIA.workflow@us.af.mil.  We are releasing seventeen (17) pages to you in full and two (2) pages in part FOIA Exemptions (b)(6) and (b)(7)(C).

- FOIA Exemption 6 protects information if disclosure would constitute a clearly unwarranted invasion of personal privacy.  *See* 5 U.S.C. § 552(b)(6).
- FOIA Exemption 7(C) protects law enforcement information if disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.  *See* 5 U.S.C. § 552(b)(7)(C).

You have the right to appeal this determination under the FOIA.  An appeal must be made in writing and sent to OSC's General Counsel at the address shown at the top of this letter or by email to FOIAappeal@osc.gov.  The appeal must be received by the Office of General Counsel within ninety (90) days of the date of this letter.

If you have any questions or you require dispute resolution services, please feel free to contact Mahala Dar, OSC's Chief FOIA Officer and acting FOIA Public Liaison, at mdar@osc.gov or (202) 804-7060.  Please reference the above tracking number when you call or write.  Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.[1]

Thank you,
/s/
Mahala Dar, Esq.
Clerk

---

[1] Office of Governmental Information Services (OGIS), National Archives and Records Administration 8601 Adelphi Road, Room 2510, College Park, MD 20740-6001; ogis@nara.gov (Email) 202-741-5770 (Office) 1-877-684-6448 (Toll Free) 202-741-5769 (Fax)



**NATIONAL GUARD BUREAU**
111 SOUTH GEORGE MASON DRIVE
ARLINGTON, VA 22204-1373

Atch 3 (1 of 2)

April 7, 2023

Richard N. Bradley, MD
3523 Pickering Ln
Pearland, TX 77584-7057

Dear Requester:

FOIA Case Number: 2022-04632-F

This letter is to acknowledge that the Office of Special Counsel (OSC) referred your Freedom of Information Act (FOIA) and/or Privacy Act (PA), dated March 12, 2022 to the National Guard Bureau (NGB). We received your request on May 19, 2022, and assigned it FOIA case number 2022-04632-F.

Due to personnel shortages and an administrative processing error, delivery of this acknowledgement letter was delayed. Your request has been placed in the proper position within our processing queue, to ensure it is processed alongside other requests received during the same timeframe.

Based on the information you provided you have been classified as an "other-use" requester. As such, you are responsible for some search and duplication costs incurred while processing your request. You will not be charged review costs; you are also entitled to up to 2 hours of search time and 100 pages of photocopies (or an equivalent volume) for free.

We will make every effort to respond to your request in a timely matter; however the processing of your request may exceed this dependent upon the volume of the responsive documents and/or the complexity of processing your request. Due to COVID-19 pandemic, NGB has adjusted its normal operations to balance the need of completing the mission as effectively and efficiently as possible while also adhering to the recommended social distancing for the safety of our staff. As a result, you may experience a delay in receiving substantive response to your FOIA request.

If you are not satisfied with this response you have the right to appeal to the Secretary of the Air Force within 90 days through this office, by writing to the Office of Information and Privacy (NGB/JA-OIP), 111 South George Mason Drive, AH2 Suite 319B, Arlington, VA 22204-1373, or by e-mail, NGB.FOIA@army.mil. Your appeal must be postmarked or electronically transmitted within 90 days of the date of this response. Your appeal should include copies of your original request and this response, as well as a discussion of the reasons supporting your appeal.

Exhibit B, Page 8

Atch 3 (2 of 2)

For any further assistance and to discuss any aspect of your request, you have the right to contact the Air Force FOIA Public Liaison Officer, Mr. Robert E. Bivins by mail at (SAF/CIO A6XA), 1800 Air Force Pentagon, Washington, DC 20330-1800, by e-mail at usaf.pentagon.saf-cio-a6.mbx.af-foia@mail.mil or by phone at (703) 614-8500.

If you have questions regarding your FOIA request, please contact my office at email: ngb.foia@army.mil.

Sincerely,

Angela L. Wiggins
Chief, Office of Information and Privacy
Freedom of Information Act/Privacy Officer

2

Exhibit B, Page 9

**EXHIBIT C**
**OGIS Closeout Letter (September 13, 2023)**



September 13, 2023—Sent via email

Richard Bradley                                                    Re: Case No. 00044248
rbradley42@comcast.net

Dear Richard Bradley:

This responds to your July 17, 2023 request for assistance from the Office of Government Information Services (OGIS), pertaining to your Freedom of Information Act (FOIA) request to the Department of the Air Force. Thank you for your patience as we handled your case.

Congress created OGIS as the federal FOIA Ombudsman to complement existing FOIA practice and procedure; we strive to work in conjunction with the agency's request and appeal process. OGIS has no investigatory or enforcement power, nor can we compel an agency to process one request before others.

In your submission to OGIS, you explain that you submitted a portion of your request that was referred to the Department of the Air Force for direct response to you; however, you have yet to receive a response. You sought our assistance in obtaining information about the status of your request.

As you may be aware, the FOIA requires agencies to establish a telephone line or Internet service that provides information to the requester on the estimated date the agency will complete action on a request, 5 U.S.C. § 552(a)(7)(B)(ii). Guidance issued by the Department of Justice Office of Information Policy (OIP) states that agencies "should make a reasonable judgment as to when they believe processing will be complete, based upon what remains to be done in a given case and in light of the agency's experience with processing similar requests." ("OIP Guidance: Assigning Tracking Numbers and Providing Status Information for Requests," November 18, 2008, http://www.justice.gov/oip/foiapost/2008foiapost30.htm).

We contacted the Air Force to request that they provide us with an estimated date of completion for your request. Unfortunately, the Air Force declined to provide us with an estimated date of completion for the processing of your request.

OGIS will remind the agency of its obligation to provide this information when requested. While we could not obtain an estimated date of completion for your request, you may wish to contact the agency again in the coming weeks to ask for an estimated date of completion. Please note, estimated dates of completion are just that, estimates, and not a guarantee that the agency will respond by that date. They are the agency's best approximation of when it anticipates responding to your request, and therefore subject to change.

Although this may not be the outcome you anticipated, we hope you find this information useful. At this time, OGIS can offer no further assistance and we will take no further action. If you have questions or concerns that we have not addressed, please contact us again.

Sincerely,

The OGIS Staff

Exhibit C, Page 2

**EXHIBIT D**
**Congressional Inquiry (April 10, 2026)**

 Outlook

---

**Re: Congressional_Senator Ted Cruz / Response**

---

**From** Cruz, Casework (Cruz) <Casework_Cruz@cruz.senate.gov>

**Date** Fri 4/10/2026 14:54

**To** Richard Bradley, MD <rbradley42@comcast.net>


No sir, our office has not received a reply.  We have continued to seek a reply, and will continue to do so on your behalf.

With Respect,

Lisa Taylor
Constituent Services Liaison
U.S. Senator Ted Cruz (R-TX)
300 E. 8th Street, Suite 961
Austin, Texas 78701
Office: 512.916.5834
lisa_taylor@cruz.senate.gov
www.cruz.senate.gov

---

**From:** Richard Bradley, MD <rbradley42@comcast.net>
**Sent:** Friday, April 10, 2026 3:14:49 PM
**To:** Cruz, Casework (Cruz)
**Subject:** Re: Congressional_Senator Ted Cruz / Response

Good afternoon! I just thought I would check in again. Any updates?
Sent from my iPad


> On Mar 9, 2026, at 2:31 PM, Cruz, Casework (Cruz) <Casework_Cruz@cruz.senate.gov> wrote:


I will send this today.

With Respect,

Lisa Taylor
Constituent Services Liaison
U.S. Senator Ted Cruz (R-TX)
300 E. 8th Street, Suite 961
Austin, Texas 78701
Office: 512.916.5834
Cell:  202-322-2380

Exhibit D, Page 1

lisa_taylor@cruz.senate.gov
www.cruz.senate.gov

---

**From:** rbradley42@comcast.net <rbradley42@comcast.net>
**Sent:** Monday, March 9, 2026 1:51:38 PM
**To:** Cruz, Casework (Cruz)
**Subject:** Re: Congressional_Senator Ted Cruz / Response

Thank you so much for forwarding this information to me. Yes, it is frustrating!

As a reminder, there is no research to be done. The entire response to my FOIA request was created by the Office of Special Counsel. The OSC forwarded a number of pages to the NGB to be reviewed and released to me. That is the key to much of my frustrations. I am not asking for any research - just release to me what the OSC sent to them.

I would very much appreciate it if your office sent the reply to this message. I am so appreciative of your assistance.

Thank you!

RICHARD N. BRADLEY, MD, FACEP, FAEMS
rbradley42@comcast.net

---

**From:** Cruz, Casework (Cruz) <Casework_Cruz@cruz.senate.gov>
**Sent:** Monday, March 9, 2026 11:17 AM
**To:** rbradley42@comcast.net <rbradley42@comcast.net>
**Subject:** Congressional_Senator Ted Cruz / Response

Good Morning Dr. Richard Bradley;

Below is the response that I received this morning from the National Guard Bureau. Please advise how you would like for me to proceed. Thank you.

With Respect,

Lisa Taylor
Constituent Services Liaison
U.S. Senator Ted Cruz (R-TX)
300 E. 8th Street, Suite 961
Austin, Texas 78701
Office: 512.916.5834
Cell: 202-322-2380
lisa_taylor@cruz.senate.gov
www.cruz.senate.gov

Exhibit D, Page 2

**From:** USARMY NG
**Sent:** Monday, March 9, 2026 10:43 AM
**To:** Taylor, Lisa (Cruz) <Lisa_Taylor@cruz.senate.gov>
**Subject:** Bradley Richard (VA) FIOA 2022-04632-F

Good morning,

We apologize for the delayed response as we have a backlog of cases due to manning issues. This response is a combination of efforts between NGB-LL-I and NGB FOIA to answer with one voice.

This is in response to your inquiry on behalf of  Mr. Richard Bradley regarding the status of their Freedom of Information Act (FOIA) request.

FOIA requests are processed by the National Guard Bureau, Directorate of Management & Administration, Office of Information, Privacy, & Civil Liberties Office (NGB-DM-IP).  In accordance with procedures established under the FOIA statute and Department of War, agency policies and regulations, the most accurate and timely updates regarding the status of Mr. Bradley case 2022-04632-F should be directed to the NGB-DM-IP.

The NGB-DM-IP is in the best position to provide information regarding the status of all FOIA requests, estimated processing timeliness, and any additional information that may be needed to facilitate processing.

We encourage you to contact the NGB-DM-IP directly at ngb.foia@army.mil and include your FOIA case number when making a request.  This will help ensure you receive the most current information regarding your request.

We trust this information is helpful. Please let us know if we can be of further assistance or if you feel this referral is in error.

V/R,

National Guard Bureau

Exhibit D, Page 3

**EXHIBIT E**

**OSC FOIA Closure Letter (March 1, 2023)**

**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
(202) 804-7000
www.osc.gov

March 1, 2023

Richard Bradley
3523 Pickering Lane
Pearland, TX 77584-7057
*Sent via email to: rbradley42@comcast.net & michael@pinesfederal.com*

Re: OSC File No. MA-23-000903

Dear Dr. Bradley,

This letter responds to the complaint you filed with the U.S. Office of Special Counsel (OSC) alleging that officials at the Department of the Air Force (DAF), Texas Air National Guard (ANG), Houston, Texas, committed prohibited personnel practices. OSC has reviewed your complaint in light of the legal elements required to prove your allegations and below are our findings.

You are a former Physician with the DAF alleging the failure of DAF FOIA Officials to comply with a Freedom of Information Request Act (FOIA) request referred by OSC to the DAF in May 2022. You contend that is has been over eleven months since the DAF FOIA Office has received your request with no resolution.

The OSC is authorized to investigate allegations of arbitrary or capricious withholding of information under the Freedom of Information Act. 5 U.S.C. § 1216(a)(3). However, before the Special Counsel can exercise this authority, there must be final agency action on the FOIA request and an appeal to the Federal District Court. In addition, three conditions must be met: (1) the court ordered the production of improperly withheld agency records; (2) the court assessed attorney fees and litigation costs against the United States; and (3) the court issued a written finding that the circumstances surrounding the agency's withholding raised questions whether the agency personnel responsible for the withholding acted arbitrarily or capriciously. *See* 5 U.S.C. § 552(a)(4)(F).

While OSC is authorized to investigate the arbitrary or capricious withholding of information under FOIA, OSC requires final agency action on a FOIA *request and appeal*, or a court decision finding improper withholding of information available under the FOIA. While you have not yet received the requested documents, and while we understand your argument that the DAF is arbitrarily withholding documents from you, there is nothing in the documentation that you submitted indicating a final agency action on the FOIA request, and an appeal to the Federal District Court. Consequently, we have no basis for further inquiry into this allegation.

| Dallas, TX Field Office | Detroit, MI Field Office | San Francisco, CA Field Office |
|---|---|---|
| P.O. Box 793771 | P.O. Box 760395 | P.O. Box 170023 |
| Dallas, TX 75379 | Lathrup Village, MI 48076 | San Francisco, CA 94117 |
| Telephone: (214) 974-7075 | Telephone: (313) 335-8085 | Telephone: (510) 598-2065 |

Exhibit E, Page 1

For the reasons detailed above, OSC has made a final determination to close your file. Thank you for allowing OSC to consider your claims.

Sincerely,

Colette K. Slaton
Case Review Specialist
Case Review Division

Exhibit E, Page 2

FIRMLY TO SEAL



SUSTAINABLE
FORESTRY
INITIATIVE
Certified Sourcing
www.sfiprogram.org
SFI-00061



how2recycle.info

PAPER
POUCH

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED



# UNITED STATES POSTAL SERVICE ®

# PRIORITY MAIL®

ed delivery date specified for domestic use.

stic shipments include $100 of insurance (restrictions apply).*

Tracking® service included for domestic and many international destinations.

d international insurance.**

used internationally, a customs declaration form is required.

does not cover certain items. For details regarding claims exclusions see the
Mail Manual at *http://pe.usps.com.*

rnational Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

# T RATE ENVELOPE

TE ■ ANY WEIGHT

CKED ■ INSURED

To schedule free Package Pickup,
scan the QR code.



USPS COM/PICKUP



PS00001000014

EP14F November 2025

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; November 2025; All rights reserved.

US POSTAGE IMI   033060429115823    2000393393
$12.90
SSK
PM

04/29/26    Mailed from 77584    028W2311555

## PRIORITY MAIL®

RICHARD N BRADLEY
3523 PICKERING LN
PEARLAND TX 77584-7057

12.00 oz

RDC 03

EXPECTED DELIVERY DAY: 05/01/26

C020

SHIP
TO:



CLERK OF COURT    GALVESTON DIVISION
U.S. DISTRICT COURT, SOUTHERN DIST TX
601 ROSENBERG ST ROOM 411
GALVESTON TX 77550-1799

### USPS TRACKING® NUMBER



9505 5066 2701 6119 3425 05

